UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JACOB J. GAMET, | ) | CASE NO. C05-0495-RSL |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| COMMANDER HAYES, | ) | |
| Respondent. | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jacob Justin Gamet filed a 28 U.S.C. § 2254 action asserting a denial of effective assistance of counsel and a violation of his right to self-representation. (Dkt. 1.) He seeks to challenge a February 3, 2005 conviction, for which he was to be sentenced on April 22, 2005. (Dkt. 5.) By order dated April 28, 2005, the Court outlined the deficiencies in petitioner's habeas petition, including its apparent prematurity based on petitioner's failure to exhaust available administrative remedies, and granted petitioner an opportunity to amend. (Dkt. 4.) In his amended petition, petitioner does not dispute his failure to exhaust. (Dkt. 5.) However, petitioner asserts that he may overcome the issue of exhaustion by demonstrating a fundamental miscarriage of justice. *Id.*

As the Court noted in its prior order in this matter, state remedies must first be exhausted on all issues raised in a federal habeas petition. 28 U.S.C. § 2254(b)-(c). A petitioner may satisfy

REPORT AND RECOMMENDATION
PAGE -1

01 the exhaustion requirement by providing the highest state court with the opportunity to rule on
02 the merits of the claim or by showing that no state remedy remains available. *Batchelor v. Cupp*,
03 693 F.2d 859, 862 (9th Cir. 1982). *See also Carter v. Giurbino*, 385 F.3d 1194, 1196 (9th Cir.
04 2004) ("Before seeking federal habeas relief, a state prisoner must fairly present all of his claims
05 to the highest state court to provide that court with an opportunity to rule on the merits of the
06 federal claims.") In this case, petitioner has not satisfied the exhaustion requirement in relation to
07 his very recent conviction and sentencing. Moreover, because petitioner has not yet provided the
08 state courts with an opportunity to rule on the merits of his claims, he does not present an instance
09 in which procedural default may be overcome by a showing of either cause or prejudice, or a
10 fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 749-50
11 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989). Because this petition contains no exhausted
12 claims, it is subject to dismissal without prejudice. *See*, *e.g.*, *Jiminez v. Rice*, 276 F.3d 478, 481
13 (9th Cir. 2001); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997).

14     For the reasons set forth above, petitioner's petition should be dismissed without prejudice.
15 A proposed Order accompanies this Report and Recommendation.

16     DATED this <u>31st</u> day of <u>May</u>, 2005.

                                      Mary Alice Theiler
                                      United States Magistrate Judge